UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA GOMEZ; MARIA MIGDALIA OJEDA MORALES,<br><br>    Plaintiffs<br><br>              Vs.<br>DOCTORS CENTER HOSPITAL SAN JUAN; DOCTORS CENTER HOSPITAL; DOCTORS CENTER HOSPITAL, INC.; DR. JORGE E. RODRIGUEZ WILSON, and the Conjugal Partnership constituted between Dr. Rodriguez and his wife JANE DOE RODRIGUEZ; DR. ROBERTO RUIZ LOPEZ and the Conjugal Partnership constituted between Dr. Ruiz and his wife JANE DOE RUIZ; PROFESSIONAL PARTNERSHIP X, Y & Z; RICHARD ROE; DOCTOR JOHN ROE; CORPORATIONS X, Y & Z,<br><br>    Defendants. | CIVIL NO.  11-1297<br><br>PLAINTIFFS DEMAND<br>TRIAL BY JURY |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COME NOW** plaintiffs through their undersigned attorney and very respectfully **STATE, ALLEGE AND PRAY:**

**I. JURISDICTION**

1.1    The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Section 1332 (a) (1).

1.2    This action is of a civil nature, invoking exclusive of interest and costs a sum in excess of seventy five thousand ($75,000.00) dollars.  Every issue of law and fact alleged herein

is wholly between citizens of different states. Plaintiff invokes the diversity jurisdiction of this Honorable Court pursuant to the provisions of Article III of the Constitution of the United States.

      1.3    The Statute of Limitations was tolled by the filing of a complaint and an amended complaint to add a party in the Superior Court of Puerto Rico, which were filed on November 13th, 2009 and November 17th 2009 and dismissed without prejudice on April 6th, 2010.

      1.4    Because of plaintiffs lack of information and knowledge regarding all the facts and events that surrounded Mr Enrique Ojeda's damages and death the complaint was filed with the purpose of tolling the statute of limitations in the torts action

## II.  THE PARTIES

      2.1    Plaintiff Maria Gómez is the widow of deceased Enrique Jose Ojeda Morales and his sole heir. She is of legal age, is a foreign national who is and has been a permanent resident of the United States of America and is and has been a citizen of the state of New York domiciled at New York, NY.

      2.2    Plaintiff Maria Migdalia Ojeda Morales is the sister of deceased Enrique Jose Ojeda Morales . She is of legal age, is and has been citizen and resident of the state of Oklahoma and is domiciled at 1323 W. Pittsburg Place, Broken Arrow, Oklahoma 74012.

      2.3    Codefendant Doctors Center Hospital San Juan and/or Doctors Center Hospital, Inc. is an entity organized under the laws of the Commonwealth of Puerto Rico, with its principal place of business in the said Commonwealth of Puerto Rico.

      2.4    Codefendant Doctors Center Hospital in Manatí and/or Doctors Center Hospital,

Inc. is an entity organized under the laws of the Commonwealth of Puerto Rico, with its principal place of business in the said Commonwealth of Puerto Rico.

2.5   Codefendant Doctors Center Inc. is an entity which operates and owns Doctors Center Hospital San Juan and Doctors Center Hospital in Manatí.

2.6   Codefendant Dr. Jorge E. Rodríguez Wilson, his wife Jane Doe Wilson and the conjugal partnership formed between them are citizens of the Commonwealth of Puerto Rico.

2.7   Codefendant Roberto Ruiz López, his wife Jane Doe Ruiz and the conjugal partnership formed between them are citizens of the Commonwealth of Puerto Rico

2.8   Codefendants, whose names are unknown to plaintiffs, Dr. Richard Roe, John Roe are citizens of the Commonwealth of Puerto Rico and are jointly and severally liable to plaintiffs.

2.9   Codefendants Corporations X, Y & Z, whose name is unknown to plaintiffs, is an entity organized under the laws of the Commonwealth of Puerto Rico, with its principal place of operation in the said Commonwealth of Puerto Rico.

2.10   Codefendants Professional Partnerships X, Y & Z whose name is unknown to plaintiff, are entities organized under the laws of the Commonwealth of Puerto Rico, with its principal place of operation in the said Commonwealth of Puerto Rico.

### III.   ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

3.1   On March 2, 2009, Mr. Enrique Ojeda Morales, 66 years old, died in Doctors Center Hospital in Manatí as a direct consequence of the gross negligence of all codefendants.

3.2   Since November 19th, 2008, Mr. Enrique Ojeda had remained hospitalized, after being negligently subjected to what should have been an uneventful simple procedure, slowly

and painfully deteriorating, his leg gradually chopped up and literally rotting to death, while his wife begged and pled for limb and life saving treatment.

3.3     On November 19th, 2008, Codefendant Dr. Jorge Rodríguez Wilson performed a Right Knee Arthrospcopy and Partial Menisectomy on Mr. Enrique Ojeda Morales for correction of medial meniscus tear and chronic synovitis.

3.4     Said surgical procedure was performed at Doctor's Center Hospital San Juan.

3.5     Immediately after the surgery the patient presented ominous signs and symptoms of complications indicating peripheral vascular problems in the right leg.

3.6     Mr. Ojeda was admitted for observation and treatment under the services of Dr. Jorge Rodriguez Wilson and the internist who had done the pre-op clearance Dr. Roberto Ruiz López, and the care of Hospital Doctor's Center San Juan's medical and paramedical personnel.

3.7     Diagnostic studies performed the next day revealed a popliteal artery aneurysm and an hematoma causing compression and occlusion.

3.8     In spite of the intense and excruciating pain, right leg edema with varicose veins, motion limitations and progressive deterioration of the patient, all of this pointing to an evident vascular compromise of the right leg, a vascular surgeon was not consulted.

3.9     The patient continued to deteriorate under the supervision of codefendants Rodriguez Wilson, Dr. Roberto Ruiz Lopez and hospital personnel.

3.10    Since November 24th, the cardiologist consulted had also recommended emergency consultation to a vascular surgeon.

3.11    Mr. Ojeda's condition was one of an evident vascular emergency which required immediate surgery in order to prevent the ischemia which resulted in the horrible

complications that the patient eventually suffered.

3.12   Despite his ominous signs, and his wife's begs for help and attention for her husband, the patient and his wife were merely told that there were no vascular surgeons available in Puerto Rico until after the Thanksgiving weekend and the hospital nor the physicians even attempted to find nor procure him the mandatory consultations, treatment and or transfer.

3.13   Inexcusably, he was left at Doctor's Center Hospital in San Juan to deteriorate and suffer until he was transferred to Doctor's Center Hospital in Manatí on December 3rd, 2008 where a vascular surgeon at that hospital, performed surgery and ordered treatment.

3.14   Mr. Ojeda continued hospitalized under the treatment, care and supervision of the physicians and paramedical personnel of Hospital Doctor's Center (Manati) and/or Hospital Doctor's Center, Inc. where the ischemia progressed, he developed gangrene, and had to be submitted to two amputation surgeries of the right leg; one on January 5th, 2010 and the other one on January 8th, 2010.

3.15   Because his condition and his deterioration was negligently allowed to advance, Mr. Ojeda developed sepsis, malnutrition, acute renal failure which required dialysis, among other complications.

3.16   On March 2, 2009, after a horrible agony and intense and excruciating suffering which lasted months, Mr. Ojeda prematurely died.

3.17   As a result of the continued errors and omissions and inadequate and clearly erroneous medical treatment, as well as an evident abandonment and disregard for his well

being by all codefendants Mr. Ojeda suffered the damages hereby alleged and others and prematurely died.

3.18   Dr. Jorge Rodriguez Wilson, the orthopedic surgeon who performed the arthroscopy, was grossly negligent in his performance of this simple procedure as well as his treatment and follow up, and or lack thereof of a gravely ill patient.  To wit: gross negligent performance causing damage to the popliteal artery;   lack of supervision and follow up of a patient at risk of complications; failure to adequately interpret laboratories and tests results; failure to insure adequate supervision and monitoring and administration of medications by the hospital personnel; failure to provide Mr. Ojeda with adequate and timely treatment for his conditions and needed consultations and transfer. His negligent acts, errors and omissions directly caused and/or contributed to the damages, deterioration and premature death of Mr. Ojeda.

3.19   Dr. Roberto Ruiz Lopez, the internal medicine physician, was grossly negligent in his treatment and follow up, and or lack thereof of a gravely ill patient.  To wit:  lack of supervision and follow up of a patient at risk of complications; failure to adequately interpret laboratories and tests results; failure to insure adequate supervision and monitoring and administration of medications by the hospital personnel; failure to provide Mr. Ojeda with adequate and timely treatment for his conditions and needed consultations and transfer. His negligent acts, errors and omissions directly caused and/or contributed to the damages, deterioration and premature  death of Mr. Ojeda

3.20   The medical, paramedical and administrative personnel of Doctors Center Hospital San Juan and/or Doctors Center Hospital Inc. caused, by their negligence, Mr. Ojeda's

condition and/or allowed it to deteriorate. The management of his condition (s) was one full of gross errors and omissions and abandonment of the patient.

    3.21    Co-defendant Hospital Doctors Center San Juan and/or Hospital Doctors Center, Inc., was grossly negligent for not procuring Mr. Ojeda with competent medical and paramedical personnel for the treatment and correction of his conditions. Their negligent acts, errors and omissions directly caused and/or contributed to the damages and deterioration suffered by Mr. Ojeda, who had arrived at the Hospital with a condition that was treatable.

    3.22    Co-defendant Hospital Doctors Center San Juan and/or Hospital Doctors Center, Inc. are also liable for the negligent and inadequate medical treatment given to the patient by its medical paramedical and administrative personnel; for lack of supervision and monitoring; for the delayed and/or lack of implementation of diagnostic and therapeutic orders by its personnel; for allowing scant and deficient medical record keeping and/or alteration and manipulation of the medical record; for allowing practices in the management of the patient in violation of its own protocols of the best practice of medicine; for not procuring timely transfer of the patient to an institution with the resources and capabilities to treat Mr. Ojeda. The negligent acts, errors and omissions of their medical, technical, administrative and paramedical personnel directly caused and/or contributed to the damages deterioration suffered by Mr. Ojeda and his premature death.

    3.23    Co-defendant Hospital Doctors Center San Juan and/or Hospital Doctors Center, Inc. is also liable for granting and/or preserving medical privileges to Dr. Jorge Rodriguez Wilson despite his multiple claims of medical malpractice and allowing him to practice medicine in said institution. Said codefendant is also liable for its negligent selection of physicians who were

granted privileges and for inadequately monitoring their performance in an obvious act of medical malpractice, as was happening in this case and its failure to timely and adequately intervene to provide the patient with the necessary care and treatment.

3.24   Co-defendant Hospital Doctors Center San Juan and/or Hospital Doctors Center, Inc. knew and was or should have been aware of acts of medical malpractice by Dr. Rodriguez Wilson, and of similar ones of damage to the popliteal artery during a knee arthroscopy which had happened in said institution.

3.25   Co-defendant Hospital Doctors Center in Manatí and/or Hospital Doctors Center, Inc. was grossly negligent for not procuring Mr. Ojeda with competent medical and paramedical personnel for the treatment and correction of his conditions. Their negligent acts, errors and omissions directly caused and/or contributed to the damages and deterioration suffered by Mr. Ojeda.

3.26   The medical treatment given to Mr. Ojeda during his hospitalization at Doctors Center Hospital in Manatí was one of evident apathy and disregard for his well being and of abandonment on the part of the physicians and the hospital personnel; there was a lack of monitoring, negligent and inadequate and/or delayed treatment as well as lack of analysis and evaluation of his conditions, thus inhibiting and/or eliminating any possibility of recovery and causing his premature death.

3.27   Plaintiffs still lack complete medical records, despite having been requested, and therefore don't have full knowledge of all the facts relevant to the medical practice nor of all the persons liable for the damages caused to Mr. Ojeda and plaintiffs.

3.28   During his hospitalization (s) Mr. Ojeda was treated by the physicians, nurses and

paramedical personnel of Doctor Center Hospital San Juan, Doctors Center Hospital in Manatí and/or Doctors Center Hospital Inc., and they are therefore jointly liable to plaintiffs for their negligent acts and/or omissions under the provisions of articles 1802 and 1803 of the Puerto Rico Civil Code.

 3.29 Mr. Ojeda's untimely death was caused by the negligent and /or late treatment that was given to him by all codefendants. Had it not been by all the tortious and negligent acts, errors and omissions of all co-defendants his damages and his death, as well as plaintiffs' damages should have been avoided.

 3.30 Codefendants Richard Roe, and Dr. John Roe, are physicians or paramedical or administrative personnel who treated the patient during his hospitalization (s) at Doctors Center Hospital San Juan and Doctors Center Hospital in Manatí and who in some way caused and or contributed Mr. Ojeda's damages as well as plaintiff's damages and are jointly and severally liable to plaintiffs. The Conjugal partnerships constituted by them with the unknown spouses, are also liable to plaintiffs inasmuch as they benefited from the physicians' acts.

 3.31 The Professional Partnerships X, Y & Z are entities formed by the co-defendant physicians with other partners whose identity is at this moment unknown to plaintiffs and who benefited from the tortious acts of the codefendant partner; said entity and its unknown partners are therefore jointly and severally liable to plaintiffs.

 3.32 Corporations X, Y, Z are entities whose identity are unknown to plaintiffs at this moment, which was in some way benefited by the tortious acts of one or all co-defendants and/or ordered or in any way had something to do with their tortious actions.

 3.33 All codefendants are jointly and severally liable to plaintiffs under articles 1802

[9]

and 1803 of the Puerto Rico Civil Code for their torts and negligent acts and omissions, which departed from the standards of medical care and treatment recognized as adequate by the medical profession in light of the modern means of instruction, education and communication, and directly caused and/or contributed to Mr. Enrique Ojeda's damages and demise as well as to injuries suffered by plaintiff. The conjugal partnership of any codefendant is also liable inasmuch as it benefited from his actions.

3.34    Plaintiffs also estimate that none of the co-defendants displayed the care nor the previsory measures that a prudent and reasonable man would in such circumstances, thus not offering Mr. Ojeda the medical attention that was due to him.

3.35    As a direct consequence of herein co-defendants gross negligence, Maria Gomez, widow of the deceased, has suffered, suffers and will forever suffer deep and severe mental and emotional anguishes, psychiatric damages, severe depression, loss of consortium, and loss of enjoyment of life for the loss of her beloved husband.  She requests as compensation for her damages a sum of not less than Two Million ($2,000,000.00) Dollars.

3.36    As a direct consequence of herein co-defendants gross negligence,  Maria Gomez, widow of the deceased, has suffered economic damages for which she requests as compensation a sum not less than Two Hundred Fifty Thousand  ($250,000.00) Dollars.

3.37    Plaintiff Maria Gómez also inherits Mr. Ojeda's pain and suffering before his death, since she is his sole heir by virtue of his will, and she estimates the compensation for said damages at not less than Two Million ($2,000,000.00) Dollars.

3.38    As a direct consequence of herein co-defendants gross negligence, Maria Migdalia Ojeda Morales, sister of the deceased, has suffered, suffers and will forever suffer

deep and severe mental and emotional anguishes, severe depression, and loss of enjoyment of life for the loss of her beloved brother. She requests as compensation for her damages a sum of not less than Five Hundred Thousand ($500,000.00) Dollars.

Wherefore, plaintiffs respectfully request from this Honorable Court to:

1. Grant a judgment against co-defendants for the sums herein requested together with pre-judgment interests, costs and reasonable attorney's fees.

2. Grant plaintiffs such other relief, as it may deem proper and necessary under the circumstances.

3. Pursuant to rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs also hereby request a trial by jury in this action.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 29th day of March, 2011.

<u>**S/Rafael E. García Rodón**</u>
**RAFAEL E. GARCIA RODON**
**USDC-PR No. 129911**
Banco Popular de PR Bldg.
206 Tetúan Street
7th Floor, Suite 701
San Juan, PR 00901
Tel. (787) 722-7788
Fax (787) 722-7748
E-mail:  rgrlaw@gmail.com